

## NUMBER 13-15-00369-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

DAVID SERVIN,                                                                 Appellant,

v.

THE STATE OF TEXAS,                                                            Appellee.

### On appeal from the 206th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion by Justice Benavides

On June 30, 2014, David Servin entered a plea of guilty to the offense of online

solicitation of a minor, a second-degree felony. *See* TEX. PENAL CODE ANN. § 33.021

(West, Westlaw through 2015 R.S.). The trial court deferred adjudication and placed

Servin on community supervision for a period of four years and imposed various

conditions of community supervision.

On February 17, 2015, the State filed a motion to adjudicate Servin's guilt alleging that he violated various terms of his community supervision, including: committing two separate driving-while-intoxicated offenses, *see id.* § 49.04 (West, Westlaw through 2015 R.S.); committing the offense of failing to identify, *see id.* § 38.02 (West, Westlaw through 2015 R.S.); using alcohol while on community supervision; and failing to report to his probation officer. After pleading not true to these allegations, a hearing was held on the State's motion to adjudicate guilt, where testimony was received from his probation officer, as well as the two officers who arrested Servin for his various criminal offenses.

After the hearing, the trial court found, among other allegations, that Servin had committed the criminal offenses as alleged in the State's motion and adjudicated him guilty of online solicitation of a minor. *See id.* § 33.021. The trial court sentenced Servin to seven years' confinement with the Texas Department of Criminal Justice's Institutional Division. Servin's court-appointed appellate counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, Servin's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must

2

provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State* and *Kelly v. State*, Servin's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014). Servin's appellate counsel also notified this Court that he: (1) notified Servin that he has filed an *Anders* brief and a motion to withdraw; (2) provided Servin with copies of both pleadings; (3) informed Servin of his rights to file a pro se response, review the record preparatory to filing that response,[1] and seek discretionary review if we concluded that the appeal is frivolous; (4) provided Servin with a pro se motion to access the record; and (5) informed Servin that the pro se response, if any, should identify for the Court those issues which he believes the Court should consider in deciding whether the case presents any meritorious issues. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. A reasonable amount of time has passed, and Servin had not filed a pro se brief.

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether to case presents any meritorious issues." *In re Schulman*, 252 S.W.3d at 409 n.23 (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

3

proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). A court of appeals has two options when an *Anders* brief and a subsequent pro se response are filed. After reviewing the entire record, it may: (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it finds no reversible error; or (2) determine that there are arguable grounds for appeal and remand the case to the trial court for appointment of new appellate counsel. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). If the court finds arguable grounds for appeal, it may not review those grounds until after new counsel has briefed those issues on appeal. *Id.*

We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See id.* at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. There is no reversible error in the record. Accordingly, the judgment of the trial court is affirmed.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, Servin's attorney has asked this Court for permission to withdraw as counsel for Servin. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffrey v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the

4

appellate court that the appeal is frivolous.") (citations omitted)).   We grant counsel's motion to withdraw.   Within five days of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Servin and advise him of his right to file a petition for discretionary review.[2]   *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex Parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## IV. CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
1st day of September, 2016.

---

[2]   No substitute counsel will be appointed.   Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.   Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court.   *See* TEX. R. APP. P. 68.2.   Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and should comply with the requirements of the Texas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.4.